IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESIRE MEBA; individually and on behalf of similarly situated individuals, | § § § | DOCKET NO. 4:19-cv-02740 |
| *Plaintiff*, | § § | JURY TRIAL DEMANDED |
| -vs- | § § | |
| Sonic of Texas, Inc.; Sonic – LS Chevrolet, LP d/b/a Lone Star Chevrolet; Sonic Houston JLR LP d/b/a Jaguar Houston North; Gulfgate Dodge Inc. d/b/a Gulfgate Dodge Chrysler Jeep Inc.; Sonic Momentum VWA, L.P. d/b/a Audi Central Houston; Joe Beneke; Jason Baisden; Johnnie Smith; Ellen Johnson; James Davis; Michael Machauer; Does 1-50 | § § § § § § § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b) |
| *Defendants*. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT – COLLECTIVE ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES DESIRE MEBA, by and through his attorneys The Estes Law Firm, P.C., individually and on behalf of all others similarly situated individuals, and files this, his Complaint against Defendants as follows:

### I. COLLECTIVE ACTION COMPLAINT

1. This is a collective action brought pursuant to 29 U.S.C. §216(b) by Plaintiff Desire Meba, on behalf of himself and all others similarly situated, which arises from Defendants' willful violation of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, *et seq*., for failure to pay proper minimum wage and overtime wages for all hours of work performed by its employees.

2. All statements are made upon information and belief.

3. Defendants' Sonic – LS Chevrolet, LP d/b/a Lone Star Chevrolet; Sonic Houston JLR LP d/b/a Jaguar Houston North; Gulfgate Dodge Inc. d/b/a Gulfgate Dodge Chrysler Jeep Inc.; and Sonic Momentum VWA, L.P. d/b/a Audi Central Houston (hereinafter "Dealer Defendants"), employed Plaintiff and others similarly situated in a variety of capacities including valet services, car washing services, maintenance work on the vehicles, Show Me services, providing shuttle service, and parts delivery.

4. Defendants' Joe Beneke, Jason Baisden, Johnnie Smith, Ellen Johnson, James Davis, and Michael Machauer, (hereinafter "Manager Defendants") were supervisors or managers of Plaintiff during his employment with the Dealer Defendants.

5. Each of the Manager Defendants exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship, and are therefore deemed an employer within the meaning of the FLSA, and therefore subject to liability.

6. Plaintiff was always paid in cash, never received overtime premiums, and never received any pay stub of any kind until approximately October of 2018. After October of 2018, he received a receipt listing the amount paid.

7. Plaintiff brings this collective action on behalf of himself and others similarly situated to challenge Defendants' unlawful policy and practice of misclassifying their employees who performed work including valet services, car wash services, maintenance work, Show Me services, deposits of cash and checks, going to the courthouse to register or transfer the Titles of vehicles, shuttle service, and parts delivery, as independent contractors when they are properly classified as employees.

8. By misclassifying its employees as independent contractors, Defendants violated the FLSA by failing to pay their workers minimum wage and overtime premiums for all time worked in excess of forty hours per week.

9. Defendants also violated Texas Labor Code §62.003 for failing to give Plaintiff and others similarly situated wage statements.

10. Plaintiff brings this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action pursuant to 29 U.S.C. §216(b).

## II. JURISDICTION AND VENUE

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have brought a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

12. Venue is proper in this Court because Plaintiff resides within this judicial district, and because all or a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred within this District.

## III. PARTIES

13. Plaintiff Desire Meba is an individual and resident of Houston, Texas. Plaintiff worked for Defendants as a Porter/Valet at various times during the class period.

14. Defendant Sonic of Texas, Inc. is a domestic corporation doing business in Texas. Sonic of Texas, Inc. is the General Partner of Defendants Sonic – LS Chevrolet, LP, Sonic Houston JLR, LP, and Sonic Momentum VWA, LP and is liable in its capacity as a General Partner. It may be served at C T Corporation, 350 North St. Paul St. #2900, Dallas, Texas 75201.

15. Defendant Sonic – LS Chevrolet, LP d/b/a Lone Star Chevrolet is a domestic corporation doing business in Texas. It may be served at its registered agent C T Corporation, 350 North St. Paul St. #2900, Dallas, Texas 75201.

16. Defendant Sonic Houston JLR, LP d/b/a Jaguar Houston North is a domestic corporation doing business in Texas. It may be served at its registered agent C T Corporation System, 1021 Main Street, Ste. 150, Houston Texas 77002.

17. Defendant Gulfgate Dodge Inc. d/b/a Gulfgate Dodge Chrysler Jeep Inc. is a foreign corporation doing business in Texas. It may be served at its registered agent C T Corporation, 350 North St. Paul St. #2900, Dallas, Texas 75201.

18. Defendant Sonic Momentum VWA, L.P. d/b/a Audi Central Houston is a domestic corporation doing business in Texas. It may be served at its registered agent C T Corporation, 350 North St. Paul St. #2900, Dallas, Texas 75201.

19. Joe Beneke is an individual and resident of Texas. Mr. Beneke may be served at 1840 Longmire Rd. Apt. 17301.

20. Jason Baisden is an individual and resident of Texas. Mr. Baisden may be served at his place of work Jaguar Houston North 18205 Interstate 45 N, Houston, Texas 77090.

21. Johnnie Smith is an individual and resident of Texas. Mr. Smith may be served at his place of work Lone Star Chevrolet 18900 Northwest Fwy, Houston, Texas 77065.

22. Ellen Johnson is an individual and resident of Texas. Ms. Johnson may be served at her place of work Gulfgate Dodge Chrysler Jeep Ram 7250 Gulf Fwy, Houston, Texas 77017.

23. James Davis is an individual and resident of Texas. Mr. Davis may be served at his place of work Gulfgate Dodge Chrysler Jeep Ram 7250 Gulf Fwy, Houston, Texas 77017.

24. Michael Machauer is an individual and resident of Texas. Mr. Machauer may be served at his place of work Audi Central Houston 2120 Southwest Fwy, Houston, Texas 77098.

## IV. STATEMENT OF FACTS

25. All statements are made upon information and belief.

26. Dealer Defendants collectively are enterprises which sell various brands of automobiles to consumers in the Greater Houston area. They also provide various services related to maintenance and servicing of the vehicles, vehicle registration and Titling, and other concierge services for individuals who purchase their vehicles.

*Lone Star Chevrolet*

27. From July 19, 2016 through approximately the end of August of 2017, Plaintiff worked for Sonic – LS Chevrolet, LP d/b/a Lone Star Chevrolet.

28. Plaintiff worked as a Porter/Valet for Lone Star Chevrolet and his job duties included driving the vehicles, parking the vehicles, putting gas in the vehicles, valeting the vehicles, washing the vehicles, and driving the shuttle van to pick up customers from their homes and drop customers off at their homes.

29. Plaintiff reported to and was supervised by Joe Beneke.

30. Plaintiff was paid hourly.

31. Plaintiff punched a time clock at Lone Star Chevrolet.

32. Upon information and belief, Plaintiff routinely worked over 60 hours per week.

33. Every two weeks, Plaintiff was paid in cash. Plaintiff was not provided with a wage stub as required by Texas Labor Code §62.003. His wages never included any overtime premiums despite working more than forty hours virtually every week.

*Jaguar Houston North*

34. From September 2017 through December 7, 2018, Plaintiff worked for Sonic Houston JLR LP d/b/a Jaguar Houston North.

35. Plaintiff worked as a Porter/Valet for Jaguar Houston North and his job duties included driving the vehicles, parking the vehicles, putting gas in the vehicles, valeting the vehicles,

5

washing the vehicles, and driving a loaner car to pick up customers from their homes and drop customers off at their homes.

36. Plaintiff reported to and was supervised by Jason Baisden.

37. Plaintiff was paid hourly.

38. Defendant did not record Plaintiff's time worked.

39. Upon information and belief, Plaintiff routinely worked over 60 hours per week.

40. Every two weeks, Plaintiff was paid in cash. Plaintiff was not provided with a wage stub as required by Texas Labor Code §62.003. His wages never included any overtime premiums despite working more than forty hours virtually every week.

*Gulfgate Dodge & Jeep*

41. From late December 2018 through April 2019, Plaintiff worked for Gulfgate Dodge Inc. d/b/a Gulfgate Dodge Chrysler Jeep Inc.

42. Plaintiff worked as a Porter/Valet for Gulfgate Dodge & Jeep and his job duties included driving the vehicles, parking the vehicles, putting gas in the vehicles, valeting the vehicles, and washing the vehicles.

43. Plaintiff reported to and was supervised by Ellen Johnson and James Davis.

44. Plaintiff was paid hourly.

45. Plaintiff punched a time clock at Gulfgate Dodge & Jeep.

46. Upon information and belief, Plaintiff routinely worked over 60 hours per week.

47. Every two weeks, Plaintiff was paid in cash. Plaintiff was not provided with a wage stub as required by Texas Labor Code §62.003. His wages never included any overtime premiums despite working more than forty hours virtually every week.

*Audi Central Houston*

48. From April 2019 through July 2019, Plaintiff worked for Sonic Momentum VWA, L.P. d/b/a Audi Central Houston.

49. Plaintiff worked as a Shuttle Driver for Audi Central Houston and his job duties included picking up and dropping off customers in the shuttle van, washing the shuttle van, and putting gas in the shuttle van.

50. Plaintiff reported to and was supervised by Michael Machauer.

51. Plaintiff was paid hourly.

52. Plaintiff punched a time clock at Audi Central Houston.

53. Upon information and belief, Plaintiff routinely worked over 60 hours per week.

54. Every two weeks, Plaintiff was paid in cash.  Plaintiff was not provided with a wage stub as required by Texas Labor Code §62.003.  His wages never included any overtime premiums despite working more than forty hours virtually every week.

55. Plaintiff was terminated from Audi Central Houston in July of 2019.  At the time of his termination, Plaintiff was owed wages for the pay periods of June 20, 2019 and July 5, 2019.

## V.  COLLECTIVE ACTION

56. This cause of action is brought as a collective action under FLSA, 29 U.S.C. §216(b).

57. Plaintiff brings this cause of action on behalf of himself and all other similarly situated hourly employees of Dealer Defendants who have worked for Dealer Defendants from July 25, 2016 through the date of final judgment in this matter.

58. Plaintiff and other hourly employees who were paid in cash are "similarly situated" as that term is used in 29 U.S.C. §216(b) in that they all performed similar duties including services as valet services, car wash services, maintenance work, Show Me services, deposits of cash and checks, going to the courthouse to register or transfer the Titles of vehicles, shuttle service, and

parts delivery, they were required to clock in and out, they were paid cash, they were not provided adequate wage statements, they worked in excess of 40 hours per week, they did not receive overtime premiums for their work in excess of 40 hours per week, and they did not receive at least the federal minimum wage for all hours worked. Consequently, the proposed class of plaintiffs were all subjected to a common scheme or plan of Defendants to deny them all of the wages to which they are entitled. Thus, resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

59. The similarly situated hourly employees proposed as class members in this action are known to Defendants, are readily identifiable, and may be located through Defendants' records, as well as the records of any payroll companies that Defendants have utilized. Defendants have employed, and continue to employ, many hourly employees throughout the state of Texas. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into a class pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

60. A copy of Desire Meba's consent to bring this claim for failure to pay minimum wages, overtime wages, and failure to provide a particularized wage statement under the FLSA as a representative action is attached hereto as Exhibit A.

### VI. FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### COLLECTIVE ACTION
### Failure to Pay Overtime
*(Named plaintiffs and opt ins against all Defendants)*

61. Plaintiff incorporates herein all previously stated allegations.

62. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §207(a)(1), an employer must pay an employee overtime at a rate not less than one and a half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty hours per week.

63. Plaintiff regularly worked in excess of forty hours per week but has not been paid overtime premium pay for hours worked in excess of forty hours per week.

64. Defendants knowingly, intentionally, and willfully failed to pay Plaintiffs' overtime premium pay for hours worked in excess of forty hours per week.

65. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs have suffered, and will continue to suffer, lost wages and other damages.

66. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

### VII. SECOND CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### Failure to Pay Minimum Wage
*(Named plaintiff against Audi Central Houston)*

67. Plaintiff incorporates herein all previously stated allegations.

68. Pursuant to the Fair Labor Standards Act, 29 U.S.C. 206(a), Defendant Audi Central Houston must pay each of its employees at least the federal minimum wage of $7.25/hour for any hours worked.

69. Plaintiff performed work for Defendant Audi Central Houston during the payroll periods of June 20, 2019 and July 5, 2019.

70. During this time period, Plaintiff's paid hourly.

71. Plaintiff was terminated during the July 5, 2019 payroll period.

72. Plaintiff has never been paid any amounts for the hours worked during these payroll periods. It has been more than six days since his termination.

73. Defendant Audi Central Houston knowingly, intentionally, and willfully failed to pay Plaintiff any wages, much less minimum wages owed, for his hours worked.

74. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiffs have suffered, and will continue to suffer, lost wages and other damages.

## VIII.   JURY DEMAND

75. Plaintiff, individually and on behalf of the putative class, demands a trial by jury for all issues of fact.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Desire Meba, on behalf of himself individually and on behalf of all other persons similarly situated, known and unknown, request that this Court enter the following relief:

a.   Permission for individuals throughout the State of Texas who performed work for Defendants, and who were not provided adequate wage statements or paid overtime premiums which they are owed, to opt-in to this action pursuant to §216(b) of the FLSA;

b.   Judgement that the Defendants' conduct was willful;

b.   All damages to which the named Plaintiff and class members may be entitled;

c.   Liquidated and multiple damages as allowed by law, including double damaged under the FLSA;

d.   Penalties as provided for under the FLSA including pursuant to Section 216;

e.   An injunction prohibiting Defendants from further violations of the law as described above;

f.  Post-judgment assignment of attorney's fees and costs; and

g.  Any other relief to which Plaintiff and class members may be entitled.

Dated: July 25, 2019

Respectfully submitted,

/s/ *Joshua Estes*
By: Joshua Estes
joshuaestes@estespc.net
Texas Bar No. 24043651
Federal Bar No. 637546
John Cruickshank
john@cruickshank.attorney
Texas Bar No. 24045730
Federal Bar No. 910674
716 S. Union St.
Richmond, Texas 77469
Tel.  (281)  238-5400
Fax. (281)  238-5015
***Attorneys for Desire Meba***