Case 4:19-cv-02740   Document 47   Filed on 06/12/20 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
June 12, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESIRE MEBA, individually and on behalf of similarly situated individuals, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-02740 |
| SONIC OF TEXAS, INC., *et al.*, Defendants. | § § § | |

## MEMORANDUM AND ORDER

Before the Court in this Fair Labor Standards Act ("FLSA") overtime case is Plaintiffs Desire Meba's, Ibrahim Brian Adams's, and Arnaud Stephane Kaya Bikindou's ("Plaintiffs'") Motion for Leave to File a Second Amended Complaint [Doc. # 36] ("Plaintiffs' Motion to Amend").  Defendants Sonic of Texas, Inc., Sonic–LS Chevrolet, LP, Sonic Houston JLR LP, Sonic Momentum VWA, L.P., and Johnnie Smith ("the Sonic Defendants") have responded.[1]  Plaintiffs have not filed a reply, and the time for them to do so has elapsed.[2]

Before the Court also are the Sonic Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Doc # 29] ("Sonic's Motion to Dismiss") and Defendants Gulfgate Dodge Inc. d/b/a Gulfgate Dodge Chrysler Jeep Inc., James Davis, and Allen Johnson's ("the Gulfgate Defendants") Motion to Dismiss Plaintiff's First

---

[1]   Defendants Sonic of Texas, Inc., Sonic–LS Chevrolet, LP, Sonic Houston JLR LP, Sonic Momentum VWA, L.P., and Johnnie Smith's Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint [Doc. # 46].

[2]   S.D. TEX. LOC. R. 7.4.

Amended Complaint [Doc. # 32] ("Gulfgate's Motion to Dismiss"). Finally, the Court has before it Plaintiffs' Motion for Conditional Certification [Doc. # 30], to which Defendants have responded.[3] The Court focuses first on Plaintiffs' Motion to Amend.

Based on the parties' briefing, pertinent matters of record, and relevant legal authority, the Court **grants in part and denies in part** Plaintiffs' Motion to Amend. The Court accordingly **denies as moot** Sonic's Motion to Dismiss Plaintiff's First Amended Complaint, Gulfgate's Motion to Dismiss Plaintiff's First Amended Complaint, and Plaintiffs' Motion for Conditional Certification.

## I. BACKGROUND

The Court addresses Plaintiffs' Motion to Amend and therefore considers the allegations in their proposed Second Amended Complaint. Plaintiffs worked as porters, valets, car washers, detailers, and shuttle drivers at various car dealerships in the Houston area.[4] Plaintiffs were employed through Rascoa, LLC ("Rascoa"), which contracted with Sonic Automotive, Inc. ("Sonic Automotive"), a parent company of several car dealerships, and Gulfgate Dodge Inc. ("Gulfgate") to provide shuttle, car wash, detailing, porter, and valet services at those dealerships.[5]

---

[3] Defendants Sonic of Texas, Inc., Sonic–LS Chevrolet, LP, Sonic Houston JLR LP, Sonic Momentum VWA, L.P., and Johnnie Smith's Response in Opposition to Plaintiffs' Motion for Conditional Certification [Doc. # 42]; Defendants Gulfgate Dodge Inc. d/b/a Gulfgate Dodge Chrysler Jeep Inc., James Davis, and Allen Johnson's Response in Opposition to Plaintiffs' Motion for Conditional Certification [Doc. # 45].

[4] Plaintiffs' Second Amended Complaint [Doc. # 37] ("SAC") ¶¶ 14-16.

[5] *Id.* ¶ 48.

Plaintiffs were assigned to individual dealerships and were issued uniforms and/or badges with each dealership's logo.[6] Together with Rascoa, the dealerships and their managers allegedly had joint authority to hire and fire Plaintiffs, joint supervisory control over Plaintiffs' work schedules and conditions of employment, joint control over the rates and method of payment, and joint control over employment records.[7]

Rascoa issued invoices to the individual dealerships for Plaintiffs' work.[8] Sonic Automotive, the Sonic Defendants, and the Gulfgate Defendants allegedly reviewed these invoices and then issued payment to Rascoa.[9] Plaintiffs allege the invoices issued by Rascoa showed that Plaintiffs and the proposed class members routinely worked more than 40 hours per week, but were not paid overtime.[10] Plaintiffs claim they were non-exempt employees at all times during their employment with Defendants.[11] Indeed, Plaintiffs allege they frequently worked more hours than were recorded on their timesheets and were not paid for all time worked.[12] Plaintiffs allege they were paid by Rascoa in cash, never received overtime premiums, were not paid minimum wage for all time worked, and never

---

[6]     *Id.* ¶¶ 33, 36, 58, 72, 87, 100.

[7]     *Id.* ¶ 33.

[8]     *Id.* ¶ 49.

[9]     *Id.* ¶ 50.

[10]     *Id.* ¶ 51.

[11]     *Id.* ¶ 130.

[12]     *Id.* ¶ 122.

received pay stubs.[13] Plaintiffs allege the Defendant dealerships kept records of Plaintiffs' working hours and pay, and were aware of these FLSA violations.[14]

Desire Meba filed this collective action suit against the dealerships and their managers on July 25, 2019 for failure to pay overtime and failure to pay minimum wage in violation of the FLSA.[15] Meba filed a First Amended Complaint on October 21, 2019, adding Rascoa and its officer, Seddik Belmamoun, as defendants.[16] Meba now seeks leave to file a Second Amended Complaint, which adds Ibrahim Brian Adams and Arnaud Stephane Kaya Bikindou as plaintiffs, names Sonic Automotive as another defendant, contains a new class definition, and adds additional claims for alleged violations of the FLSA and the Texas Labor Code.[17]

## II. LEGAL STANDARD

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *United States ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (citation omitted). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012).

---

[13]     *Id.* ¶¶ 7, 61, 75, 90, 103.

[14]     *Id.* ¶¶ 120-124.

[15]     Plaintiff's Original Complaint [Doc. # 1].

[16]     Plaintiff's First Amended Complaint [Doc. # 9].

[17]     *Id.* ¶¶151-166.

4

In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). If the district court lacks a "substantial reason" to deny leave, its discretion is not broad enough to permit denial. *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

"A district court may deny a proposed amendment for futility – meaning the amended complaint would fail to state a claim upon which relief could be granted." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Productions Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)); *see also Duzich v. Advantage Finance Corp.*, 395 F.3d 527, 531 (5th Cir. 2004) (approving district court's denial of Rule 15(a) motion to amend using the same reasoning as it used in granting the Rule 12(b)(6) motion to dismiss).

## III. DISCUSSION

Plaintiffs seek leave to file a Second Amended Complaint. In their proposed Second Amended Complaint, Plaintiffs allege that Rascoa, the Sonic Defendants, and the Gulfgate Defendants had "interrelate[ed] operations" and were Plaintiffs' joint employers.[18] Plaintiffs also seek to name as a defendant Sonic Automotive, the parent company of the Sonic Defendants, and to add claims against all defendants for failure to maintain adequate records under 29 U.S.C. § 211(c) and for alleged violations of the Texas Labor Code.

---

18    SAC ¶ 33.

The Sonic Defendants argue that Plaintiffs' Motion should be denied as futile. These Defendants contend more specifically that (1) Plaintiffs lack standing to state a claim on which relief can be granted against the Sonic Defendants or Sonic Automotive (together, the "Sonic Entities"), (2) the FLSA does not create a private right of action for recordkeeping violations, and (3) Plaintiffs' state law allegations fail to state a claim upon which relief can be granted. The Court will consider each argument in turn.

### A. Standing

The Sonic Defendants argue that Plaintiffs cannot establish standing to sue any Sonic entity because Plaintiffs were employed and paid by Rascoa. The Sonic Defendants argue that Plaintiffs have not made plausible factual allegations that would support a finding that the Sonic Entities were joint employers with respect to Plaintiffs.

To establish standing, plaintiffs bringing FLSA claims must show the existence of an employment relationship with defendants. *See, e.g.*, *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012). The FLSA defines "employer" to mean "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Supreme Court has instructed that the FLSA's definition of "employer" is to be interpreted expansively in keeping with the Act's "remedial and humanitarian" purpose. *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944).

The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship under the FLSA. *See, e.g.*, *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). This entails a fact-intensive inquiry based "upon the circumstances of the whole activity," not "isolated factors." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947); *accord Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir.

1969). The test directs that the court consider whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams*, 595 F.3d at 620.

"In joint employer contexts, each employer must meet the economic reality test." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (quoting *Gray*, 673 F.3d at 355). "A plaintiff must allege facts that would allow a court to apply the economic reality factors on a defendant-by-defendant basis and determine that each defendant jointly employed the plaintiff." *Herbert v. Marathon Oil Co.*, No. H-20-998, 2020 WL 1659885, at *4 (S.D. Tex. Mar. 30, 2020) (Rosenthal, J.).[19]

Here, Plaintiffs' Second Amended Complaint alleges facts that make plausible a claim of an employment relationship with each of the Sonic Defendants under the economic reality test. Plaintiffs allege that they reported to work at the Sonic dealerships and were given uniforms and badges including Sonic or car manufacturer logos particular to each dealership.[20] Plaintiffs also allege that the Sonic Defendants' employees directed the work and daily routines of Plaintiffs, had

---

[19] *See also Fernandez v. JaniKing Int., Inc.*, No. H-17-1401, 2018 WL 539364, at *2 (S.D. Tex. Jan. 8, 2018) (finding that plaintiff had not pled fact sufficient to show joint employer relationship among defendants where "Plaintiffs [did] not allege[] any facts that would establish an employment relationship on a Defendant-by–Defendant basis."); *Kaminski v. BMW Sugar Land Partners*, No. H-10-551, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) ("Where a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA.").

[20] SAC ¶¶ 7, 34, 58, 72, 87.

the ability to hire and fire Plaintiffs, and reviewed and approved their hours worked each pay period.[21]

The Sonic Defendants argue that even if Plaintiffs' proposed Second Amended Complaint contains sufficient allegations to plausibly allege an employment relationship with the Sonic Defendants, it fails to establish the existence of an employment relationship with Sonic Automotive, the Sonic Defendants' parent company. To hold a parent company liable under a joint employer theory for alleged FLSA violations, a plaintiff must show the parent company had "actual operational control" of the employees' employment. *Gray*, 673 F.3d at 355. "[A] status-based inference of control cannot alone suffice" to establish a parent company as an employer. *Id.* at 356.

The allegations in Plaintiffs' proposed Second Amended Complaint establish that Sonic Automotive had operational control over several aspects of Plaintiffs' employment. Plaintiffs allege that it was Sonic Automotive that entered into the contract with Rascoa for Plaintiffs' services and assigned Plaintiffs to various roles at Sonic dealerships.[22] Plaintiffs also allege that Sonic Automotive reviewed invoices from Rascoa showing that Plaintiffs and others were working overtime hours, and approved the hours for individual workers.[23] Plaintiffs have met their burden to plead a joint employer theory against the Sonic Entities. Plaintiffs' Motion is granted to the extent that Plaintiffs may allege a claim that each of the Sonic Entities was a joint employer of Plaintiffs.

---

[21]   *Id.* ¶¶ 33, 49.

[22]   *Id.* ¶¶ 48-49.

[23]   *Id.* ¶¶ 50-51.

### B.     **FLSA Recordkeeping Claims**

Plaintiff's proposed Second Amended Complaint contains a claim for alleged violations of the FLSA's recordkeeping requirements.[24] The Sonic Defendants argue that granting Plaintiffs leave to add recordkeeping claims would be futile because the FLSA does not create a private cause of action for a violation of the Act's recordkeeping provisions.

The FLSA requires that employers "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time . . . as [the Department of Labor] shall prescribe by regulation." 29 U.S.C. § 211(c). Regulations promulgated by the Department of Labor specify the information these records must contain and how long employers must keep them. *See* 29 C.F.R. § 516 *et seq.*

As the Sonic Defendants argue, the FLSA's recordkeeping provisions do not create a private right of action.[25] Plaintiffs' attempt to add this claim is rejected as

---

[24]     *Id.* ¶¶ 151-154.

[25]     *See, e.g.*, *Castillo v. Givens*, 704 F.2d 181, 198 n.41 (5th Cir. 1983) (comparing the FLSA recordkeeping requirement, which "contains no private enforcement mechanism," to the Farm Labor Contractor Registration Act, which creates a statutory penalty for failing to keep records) (quoting Richard S. Fischer, A Defense of the Farm Labor Contractor Registration Act, 59 Tex. L. Rev. 531, 537 n.61 (1981)); *Sanders v. Michaud Construction Grp., LLC*, No. 18-cv-00423, 2018 WL 5915048, at *3 (S.D. Tex. Oct. 12, 2018) ("The FLSA's recordkeeping requirement does not create a private right of action, and only the Department of Labor is empowered to enforce the recordkeeping provisions of the FLSA."); *McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14–CV–120, 2015 WL 4460338, at *2 (W.D. Tex. July 20, 2015) ("[T]he FLSA does not create a private cause of action for a violation of the recordkeeping provision; it is well established that enforcement of the recordkeeping provision rests solely with the Department of Labor."); *see also Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) (stating that the section of the FLSA authorizing employees to bring private suits for unpaid

9

futile.[26] Plaintiffs' Motion to Amend is denied to the extent Plaintiffs seek to add a claim for alleged violations of the FLSA's recordkeeping requirements.

### C. State Law Claims

Plaintiffs' proposed Second Amended Complaint includes claims for violations of Texas Labor Code § 62.003[27] and § 61.014.[28] Plaintiffs allege these claims are "brought on behalf of a class of similarly situated individuals who may choose to 'opt in' to this case, pursuant to 29 U.S.C. § 216(b)."[29] The Sonic Defendants argue that 29 U.S.C. § 216(b), which allows FLSA claims to be brought as collective actions, does not apply to Plaintiffs' state law claims. The Sonic Defendants argue Plaintiffs' state law claims are instead governed by Federal Rule of Civil Procedure 23, and that Plaintiffs have failed to plead facts necessary to establish the existence of a class under Rule 23.

---

    overtime wages "does not authorize employee suits for violations of the FLSA's recordkeeping requirements. Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor.").

[26] It is noted, however, that evidence concerning alleged recordkeeping violations may be used to support a properly pleaded FLSA claim for minimum wage or overtime pay. *See Perez v. T.A.S.T.E. Food Prods., Inc.*, No. 5:13–CV–655–DAE, 2014 WL 412327, at *6 (W.D. Tex. Feb. 3, 2014) (noting that dismissal of a recordkeeping claim "does not preclude Plaintiffs from presenting evidence of alleged recordkeeping violations in support of their properly pleaded FLSA claims").

[27] Texas Labor Code § 62.003 requires that employers provide each of their employees with a written earnings statement and specifies the information the earning statement must contain.

[28] Texas Labor Code § 61.014 requires that an employer pay in full an employee who is discharged from employment not later than the sixth day after the date the employee is discharged, and pay in full an employee who leaves employment other than by discharge no later than the next regularly scheduled payday.

[29] SAC ¶¶ 160, 166.

While the Sonic Defendants are correct that Plaintiffs may not plead their Texas Labor Code claims as collective actions,[30] the more fundamental problem with these state law claims is that the sections on which they rely do not provide private rights of action. Chapter 62 of the Texas Labor Code creates a private right of action only for violations of that chapter's minimum wage rules, not for violations of § 62.003.[31] Nor does Chapter 61 of the Texas Labor Code create a private right of action for any violations of that chapter.[32]

---

[30] Plaintiffs may not plead their state claims as collective actions under 29 U.S.C. § 216(b) because that section "applies only to wage claims brought under the substantive provisions of the FLSA and does not apply to wage claims generally." *Shahriar v. Smith & Wollenskv Restaurant Gro., Inc.*, 659 F.3d 234, 247 (2d Cir. 2011) (internal quotations omitted) (affirming district court's certification of plaintiffs' state law claims under Rule 23 and certification of plaintiffs' FLSA claims under § 216(b)). Chapter 62 of the Texas Labor Code allows for collective actions against "[a]n employer who violates Section 62.051, 62.052, 62.053, or 62.054 . . ." but does not permit collective actions based on violations of § 62.003. TEX. LAB CODE ANN. § 62.203, § 62.201. As discussed below, Chapter 61 of the Texas Labor Code does not grant a private right of action, let alone collective actions.

[31] TEX. LAB. CODE ANN. § 62.201 (limiting the private right of action under that chapter to claims against "[a]n employer who violates Section 62.051, 62.052, 62.053, or 62.054 . . ."); *cf. Touche Ross & Co. v. Redington*, 442 U.S. 560, 571–72 (1979) (finding no private cause of action for statute "flanked by provisions of the [act] that explicitly grant private causes of action" and noting that "when Congress wished to provide a private damage remedy, it knew how to do so and did so expressly."); *Brown v. De La Cruz*, 156 S.W.3d 560, 568 (Tex. 2004) ("[W]hen the Legislature includes a right or remedy in one part of a code and omits it in another, that may be precisely what the Legislature intended.").

[32] *See Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F.Supp.2d 635, 669 (S.D. Tex. 2013) ("There is nothing within Chapter 61 that suggests an intent to also allow a plaintiff to invoke its provisions through a private right of action, especially given the existence of the available administrative remedy."); *Doan v. Portable Prod. Servs., LP*, No. H–11–0261, 2011 WL 2038580, at *3 (S.D. Tex. May 19, 2011) ("the language in Chapter 61 does not suggest an intent to allow employees to bring a private right of action for violations of chapter 61's provisions."); *Abatement Inc. v.*

11

Since no private right of action exists for violations of Texas Labor Code § 62.003 or § 61.014, it is futile for Plaintiffs to add these claims to this suit. Plaintiffs' Motion to Amend is denied in regard to proposed claims for violations of Texas Labor Code § 62.003 and § 61.014.

### D. Other Pending Motions

Because Plaintiffs are permitted to file a revised Second Amended Complaint, Sonic's Motion to Dismiss Plaintiff's First Amended Complaint and Gulfgate's Motion to Dismiss Plaintiffs' First Amended Complaint are moot.

Furthermore, Plaintiffs' proposed Second Amended Complaint includes a definition of the putative class of employees Plaintiffs seek to represent different from that in the First Amended Complaint. Because Plaintiffs' proposed class definition has changed, Plaintiffs' Motion for Conditional Certification is also moot.

## IV. CONCLUSION

Plaintiff's proposed Second Amended Complaint contains factual allegations sufficient to plausibly establish that the Sonic Entities were joint employers of Plaintiffs. The Sonic Defendants have not demonstrated futility regarding this theory. However, there is no private cause of action for violations of the FLSA's recordkeeping requirements or Texas Labor Code § 62.003 and § 61.014. It therefore would be futile to grant Plaintiffs leave to amend in order to add claims for alleged violations of these statutes.

It is therefore

**ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint [Doc. # 36] is **GRANTED in part**. Plaintiffs may file a Third Amended

---

*Williams*, 324 S.W.3d 858, 865 (Tex. App.-Houston [14th Dist.] 2010, pet. denied) ("Chapter 61 provides a detailed administrative enforcement scheme and allows the possibility for enforcement by the attorney general, and nothing in language of chapter 61 shows any intent to also allow a private right of action.").

Complaint containing allegations that each of the Sonic Entities was a joint employer of Plaintiffs. Plaintiffs' Motion for Leave to File a Second Amended Complaint is **otherwise DENIED**. It is further

**ORDERED** that Plaintiffs must file their Third Amended Complaint on or before **July 3, 2020**. It is further

**ORDERED** that Sonic's Motion to Dismiss Plaintiff's First Amended Complaint [Doc # 29], Gulfgate's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 32], and Plaintiffs' Motion for Conditional Certification [Doc. # 30] are **DENIED as moot**. It is further

**ORDERED** and Defendants must confer promptly to determine if they can reach agreement on preliminary certification of a collective action. If no agreement is reached, Plaintiffs must file a Motion for Conditional Certification on or before **July 24, 2020**. It is further

**ORDERED** that the status conference scheduled for June 17, 2020 is **CANCELLED**. The Court will set another conference, as needed, by separate order.

**SIGNED** at Houston, Texas, this 12th day of **June, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE