IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESIRE MEBA; INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATION INDIVIDUALS, § § § § | | |
| *Plaintiff,* § | | |
| v. § § | | DOCKET NO. 4:19-cv-02740 JURY TRIAL DEMANDED |
| SONIC OF TEXAS, INC.; SONIC – LS CHEVROLET, LP D/B/A LONE STAR CHEVROLET; SONIC HOUSTON JLR LP D/B/A JAGUAR HOUSTON NORTH; GULFGATE DODGE INC. D/B/A GULFGATE DODGE CHRYSLER JEEP INC.; SONIC MOMENTUM VWA, L.P. D/B/A AUDI CENTRAL HOUSTON; JOE BENEKE; JASON BAISDEN; JOHNNIE SMITH; ALLEN JOHNSON; JAMES DAVIS; MICHAEL MACHAUER; DOES 1-50, § § § § § § § § § § § § | | |
| *Defendants.* § | | |

**DEFENDANTS GULFGATE DODGE INC. D/B/A GULFGATE DODGE CHRYSLER JEEP INC., JAMES DAVIS, AND ALLEN JOHNSON'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, J. Davis Automotive Group, Inc. d/b/a Gulfgate Dodge Inc. & Gulfgate Dodge Chrysler Jeep Inc., James Davis, and Allen Johnson (collectively, the "Gulfgate Defendants"), file their response in opposition to Plaintiffs' Motion for Conditional Certification and offer in support the following:

### I. INTRODUCTION

Desire Meba ("Named Plaintiff"), Brian Ibrahim Adams, and Arnaud Stefane Kaya Bikindou ("Opt-in Plaintiffs") seek conditional certification of a purported collective action

lawsuit filed against Defendant Gulfgate Dodge Inc., Allen Johnson, and James Davis ("Gulfgate Defendants") on behalf of themselves and any individual who worked on the Gulfgate Defendants' premises as non-exempt employees of Rascoa, LLC, or Rascoa, Inc. ("Rascoa"), during the period from July 26, 2016 until the present. Plaintiffs allege that they and other porters were denied overtime compensation under the Fair Labor Standards Act ("FLSA"). *See* Doc. Nos. 36 and 54. Plaintiffs, however, failed entirely to meet their burden to establish that (1) they were subject to a single decision, policy or plan *of the Gulfgate Defendants* that violated the FLSA; and (2) the Gulfgate Defendants were joint employers of Rascoa's employees as required by 29 U.S.C. §§ 206, 207 and thus liable for Rascoa's FLSA violations.

## II.   STANDARD OF REVIEW

**Plaintiffs have the Burden to Show Certification and Notice are Appropriate, and the Court has Discretion to Deny Certification and Notice.**

The parties have thoroughly briefed the standard of review in previous pleadings, and the Gulfgate Defendants do not wish to waste judicial resources with a restatement of prior arguments. For the record, the Gulfgate Defendants continue to argue that conditional certification is solely within the Court's discretion, as is the standard (*Lusardi* or heightened) that Plaintiffs must meet in order for the Court to grant such certification.

## III.   ARGUMENT AND AUTHORITIES

A. **Plaintiffs' Motion should be denied because Plaintiff's cannot show that the Gulfgate Defendants implemented a single decision, policy or plan that violated the FLSA with respect to himself, the opt-in plaintiffs, nor the potential class members.**

2

"To prevail at the notice stage, [a] named plaintiff [] must have substantial allegations that [he] and potential opt-in members were together the victims of a single decision, policy, or plan that violated the law." *Xavier v. Belfour USA Group*, 585 F. Supp. 2d 873, 878 (E.D. La. 2008); "A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Simmons v. T-Mobile USA, Inc.*, No. 06-1820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2007); *Aguirre v. SBC Comm'ns, Inc.*, No. 05-3198, 2006 WL 964554, at *5 (S.D. Tex. Apr. 11, 2006). Even in cases where the parties have conducted little discovery and the court has minimal evidence before it, courts still require some evidence of a common, unlawful policy beyond conclusory assertions in pleadings, affidavits, or declarations. *Treme v. HKA Enters., Inc.*, No. 07-1134, 2008 WL 941777, at *3 (W.D. La. Apr. 7, 2008) ("[U]ncorroborated assertions, without more, do not fulfill the plaintiff's burden under *Lusardi*."); *Aguirre*, 2006 WL 964554, at *6 (holding that brief and conclusory statements in plaintiffs' complaint and motion for notice are insufficient); *Prizmic v. Armour, Inc.*, No. 05-CV-2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (noting that merely accepting conclusory allegations could lead to a "frivolous fishing expedition conducted by the plaintiff at the employer's expense"). "Plaintiffs are required to make '**substantial allegations** that the putative class members were together the victims of a single decision, policy or plan …" *De La Cruz v. El Paso County Water Improvement Dist. No. 1*, No. EP-05-CV-206-FM, 2005 U.S. Dist. LEXIS 21244, at *6 (W.D. Tex. Sept. 19, 2005) (Emphasis added) (denying motion for certification of FLSA claim where plaintiffs produced only "conclusory statement" in support of motion).

In this case, Plaintiffs failed to present evidence of "a single decision, policy or plan" by or involving the Gulfgate Defendants *that violated the law*. Plaintiffs contend that Rascoa's

3

assigning Plaintiff Meba to the Gulfgate premises pursuant to Rascoa's bid to provide porter services to Gulfgate means that the Gulfgate Defendants "…instituted the common scheme or plan between Gulfgate Dodge, Inc. and Rascoa, LLC that resulted in the Plaintiffs and the putative class members being deprived of some of their wages." *See* Doc. No 54 at 11. Importantly and decisively, Meba's performing duties on Gulfgate premises is the *only* allegedly "common practice or plan" that Plaintiffs allege in support of their Motion for conditional certification. However, **the business relationship between the Gulfgate Defendants and Rascoa was not and is not unlawful**. *See Xavier,* 585 F. Supp. 2d at 878-79. In *Xavier*, the court rejected the very same argument that Plaintiff makes in this case, finding that the plaintiffs failed to show that they as potential opt-ins were together a part of a common policy, plan or decision implemented by defendant Belfor *that violated the law*. *Id*. (Emphasis added; citations omitted). Rejecting those assertions, the court reasoned:

> The submitted evidence does not, as plaintiffs suggest, show that Belfor had some plan or policy wherein it would avoid paying overtime payments by subcontracting out labor. **In fact, the Master Service Agreement relied upon by plaintiffs provides, among other things, that the "subcontractor agrees to furnish all labor, materials, tools, supervision, and equipment to perform all work necessary to complete the work set forth in the Work Order…"** *This provision defeats plaintiffs' argument. These provisions show that Belfor was cognizant of the wage and labor laws and expected those it subcontracted with to fully comply with those laws.*

*Id*. (Emphasis added; citations omitted).

The business relationship between the Gulfgate Defendants and Rascoa, though not memorialized in as sophisticated a manner as either Xavier or the Sonic Defendants, contemplates provisions similar to those in *Xavier*. The Gulfgate Defendants relied on Rascoa to send Rascoa's employees to perform certain enumerated tasks on the Gulfgate premises. Rascoa's bid not only confirmed that Rascoa's own employees would perform the bid tasks, it also confirmed that Rascoa took responsibility for any damage that Rascoa employees caused on the Gulfgate Premises. *See* Exhibit C. Thus, the business relationship here defeats Plaintiffs' argument because it shows that the Gulfgate Defendants relied upon Rascoa fully compensating Rascoa's employees for all hours worked, in compliance with the FLSA. The business relationship between the Gulfgate Defendants and Rascoa cannot and does not constitute the single decision, policy or plan required for class certification because the agreement was <u>not</u> unlawful. Additionally, the Gulfgate Defendants' business relationship pursuant to Rascoa's bid is separate and distinct from the contract between Sonic and Rascoa, which Plaintiffs' concede. Thus, the relationship between the Gulfgate Defendants and Rascoa could not possibly constitute a single decision, policy or plan applicable to all putative class members.

Under the cases set forth above, Plaintiffs have not presented sufficient evidence to demonstrate that the putative class members are "similarly situated". Collective treatment is therefore not appropriate. *See*, e.g., *Xavier*, 585 F. Supp. 2d at 879; *Basco*, 2004 WL 1497709, at *21-22 (denying motion to certify FLSA claims).

B. **Plaintiffs have failed to present sufficient evidence that the Gulfgate Defendants are joint employers of Rascoa's employees**.

5

Whether a person is an employer under the FLSA is a question "of law," although "subsidiary findings are of fact." Artis v. Asberry, No. G-10-323, 2012 WL 5031196, at *3 (S.D. Tex. Oct. 16, 2012). The FLSA defines an "employer", in part, as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). The Fifth Circuit relies on the economic reality test when determining a party's status as an employer under the FLSA. *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014). Under the economic reality test, the court evaluates "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. In joint employer contexts, each employer must meet the economic reality test. *Id*.

Plaintiff's motion for conditional certification should be denied because there is legally insufficient evidence to find that the Gulfgate Defendants were Plaintiffs' employer under the FLSA. Plaintiffs do not allege, nor do they produce any evidence, suggesting that the Gulfgate Defendants had the power to hire him or fire them. Plaintiff Meba declared that "Jose", a Rascoa management level employee, contacted Meba to assign Meba to the Gulfgate premises in late 2018 after Meba claims he was fired from an assignment at another dealership. *See* Doc. No. 30-8 at p. 44-45. "Jose" paid Meba every two weeks, in cash. *Id*. "Jose" facilitated Meba's voluntary transfer from Gulfgate to begin working at another dealership at which Rascoa provided labor. *Id*. There is no indication that the Gulfgate Defendants ordered Rascoa to place Meba, or any other Plaintiff, at the Gulfgate premises, nor that the Gulfgate Defendants prevented Rascoa from assigning any of their employees to a different dealership. *Artis v. Asberry*, 2012 U.S. Dist. LEXIS 149410 at *15-16 (S.D. Tex. October 16, 2012) (defendants were not authorized to directly add or remove the subcontractor defendants' drivers from service under a contract for services, nor could the

6

defendant control drivers' employment with the subcontractor defendant outside the scope of the service arrangements.) None of the other opt-in plaintiffs allege that they performed any work on the Gulfgate premises at all. Thus, Plaintiffs fail to meet the first prong of the economic realities test.

Plaintiff attempts to argue that the Gulfgate Defendants supervised and controlled his work schedule or conditions of employment. Meba says that Allen Johnson gave Meba branded polo shirts to wear as a work uniform, assigned Meba individual job duties daily, and that Meba worked "six days per week, Monday through Friday from 7am-7pm, and Saturday from 8am- 4 or 5pm." *See* Doc. No. 30-8 at p. 7. None of these conclusory statements, even if they were true (which they are not), represents legally sufficient evidence in support of the second element of the economic reality test. Every task that Meba performed on the Gulfgate premises was part of the service that Rascoa agreed to provide to Gulfgate. *See* Exhibit C. Meba's presence at the dealership during normal business hours does not demonstrate that the Gulfgate Defendants supervised or controlled Meba's work schedule or the conditions of Meba's employment with Rascoa. The remaining allegations Meba presents in support of the second element of the economic reality test are also inadequate. The mere fact that Mr. Johnson communicated with and instructed Meba in execution of the services Rascoa agreed to perform does not demonstrate that the Gulfgate Defendants were joint employers of Rascoa's employees. Meba's sole complaint regarding James Davis, owner of Gulfgate Dodge, is that Mr. Davis allegedly asked Meba to pick up trash. Along with requiring uniform work attire and prompt attendance at a job site, general contractors have authority to ensure the quality of work performed under a service agreement or contract without becoming the joint employer of the subcontractor's employees. Gulfgate's allowing Rascoa to place a time clock at the dealership for the benefit of Rascoa and Rascoa's employees likewise fails to demonstrate

7

that the Gulfgate Defendants supervised or controlled Meba's schedule or employment conditions. Asking this Court to conclude, based solely on the evidence put forth by the Plaintiffs, that the Gulfgate Defendants controlled or supervised Meba's schedule or employment conditions is unreasonable. Plaintiffs failed to establish the second prong of the economic realities test.

Plaintiffs also fail to offer any evidence that the Gulfgate Defendants determined plaintiffs' rate and method of payment, nor that the Gulfgate Defendants maintained employment records. They cannot. The Gulfgate Defendants did not set Plaintiffs' method or rate of pay. In fact, the Gulfgate Defendants did not know how much Rascoa paid its employees, nor the method Rascoa used to pay wages. Gulfgate Defendants did not maintain any employment records concerning Rascoa's employees. The only records within the Gulfgate Defendants' possession that could plausibly relate to Rascoa's employees are invoices that Rascoa provided to Gulfgate for the services Rascoa provided per agreement. Thus, Plaintiffs fail to establish the third and fourth prongs of the economic reality test.

The Gulfgate Defendants were <u>not</u> joint employers of Rascoa's employees under the FLSA. *Orozco*, 757 F.3d at 452 ("While each element need not be present in every case, finding employer status when none of the factors is present would make the test meaningless.") (citations omitted). The court should decline to certify the class against the Gulfgate Defendants and/or decline to require them to be included on any notice or participate in issuing any notice.

### IV.   CONCLUSION

For the foregoing reasons, Defendants J. Davis Automotive Group, Inc., d/b/a Gulfgate Dodge Inc. and Gulfgate Dodge Chrysler Jeep Inc., James Davis, and Allen Johnson respectfully request that Plaintiffs' Motion for Conditional Certification be denied in its entirety.

Respectfully Submitted,

By: */s/ Donald W. Gould, II*
    Donald W. Gould, II
    Attorney-in-charge
    State Bar No. 08234250
    Southern District of Texas Bar No. 14140
    dgould@jdkglaw.com
    4 Houston Center
    1221 Lamar, Suite 1000
    Houston, Texas 77010
    (713) 652-2525 - Telephone
    (713) 652-5130 - Telecopier

OF COUNSEL:
Johnson DeLuca Kurisky & Gould, P.C.
Amber H. Crosby
acrosby@jdkglaw.com
State Bar No. 24103158
Southern District of Texas Bar No. 3451885
4 Houston Center
1221 Lamar St., Suite 1000
Houston, Texas 77010
Telephone: (713) 652-2525
Facsimile: (713) 652-5130

**ATTORNEYS FOR DEFENDANTS,**
**GULFGATE DODGE INC., JAMES DAVIS,**
**AND ALLEN JOHNSON**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 13th day of August, 2020 a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, as shown below:

***Via CM/ECF:***
John Cruickshank
Joshua Estes
The Estes Law Firm, P.C.
716 S. Union Street
Richmond, Texas 77469

*Attorneys for Plaintiffs,*
*Desire Meba, Ibrahim Adams, and Arnaud Bikindou*

***Via CM/ECF:***
Marc A. Young
Cokinos Young
900 S. Capital of Texas Highway, Suite 425
Austin, Texas 78746

*Attorneys for Defendants,*
*Rascoa, LLC and Seddik Belmamoun*

***Via CM/ECF:***
Michael D. Mitchell
Stephen E. Hart
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002

*Attorneys for Defendants,*
*Sonic of Texas, Inc.; Sonic LS Chevrolet, LP; Sonic Houston JLR LP; Sonic Momentum VWA, L.P., and Johnnie Smith*

           /s/ *Amber H. Crosby*
           Amber H. Crosby