IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESIRE MEBA, *et al.*, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-2740 |
| | § | |
| SONIC OF TEXAS, INC., *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion to Dismiss [Doc. # 66] filed by Defendants Sonic Automotive 4701 I-10 East, TX, LLC; Sonic Automotive of Texas, LLC; Sonic Momentum B, LLC; Sonic – Clear Lake Volkswagen, LLC; Sonic – Jersey Village Volkswagen, LLC; Sonic Automotive – 3401 N. Main, TX, LLC; Philpott Motors, LLC; Sonic Momentum JVP, LLC, Sonic Houston LR, LLC; Sonic – Houston V, LLC; Sonic Advantage PA, LLC; Sonic LS, LLC (collectively, "Sonic Dealerships"). The Sonic Dealerships argue that no Plaintiff alleges that he was employed by a Sonic Dealership and, therefore, Plaintiffs lack standing to sue the Sonic Dealerships and fail to state an FLSA claim against them. Plaintiffs filed a Response [Doc. # 71] in opposition to the Motion to Dismiss, and the Sonic Dealerships filed a Reply [Doc. # 72]. Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion to Dismiss.

I.      **BACKGROUND**

Plaintiffs' live pleading is their Third Amended Complaint ("TAC") [Doc. # 48].  Plaintiffs worked as porters, valets, car washers, detailers, and shuttle drivers at various car dealerships in the Houston area.  Plaintiffs were employed through Rascoa, LLC ("Rascoa"), which entered into a Supply/Service Agreement with Sonic Automotive, Inc. ("Sonic Automotive"), the parent company of several car dealerships to provide shuttle, car wash, detailing, porter, and valet services at those dealerships.[1]  The Sonic Dealerships are named in Schedule II to the Supply/Service Agreement as "Applicable Dealerships."  *See* Supply/Service Agreement, Exh. G to TAC [Doc. # 48-6].

Plaintiffs allege that they were assigned to individual dealerships and were issued uniforms and/or badges with the individual dealership's logo.  *See* TAC, ¶¶ 33, 51.  Plaintiffs allege that, together with Rascoa, the dealerships had joint authority to hire and fire Plaintiffs, exercised joint supervisory control over Plaintiffs' work schedules and conditions of employment, had joint control over the rates and method of payment, and had joint control over employment records.  *See id.*, ¶¶ 33-34.

---

[1]      Plaintiffs allege that Rascoa contracted also with Gulfgate Dodge Inc. ("Gulfgate Dodge") to provide these services.

On November 13, 2020, the Court conditionally certified a collective action class of:

> Any individuals employed and/or paid by Rascoa, LLC, Seddik Belmamoun, or any entity owned or controlled by Seddik Belmamoun who were assigned by Rascoa, LLC, Seddik Belmamoun, any entity owned or controlled by Seddik Belmamoun, and/or any employees of Seddik Belmamoun to perform work at: any dealership pursuant to the Supply/Service Agreement between Sonic Automotive, Inc. and Rascoa, LLC after July 25, 2016 . . ..

Memorandum and Order [Doc. # 59] entered November 13, 2020, p. 18. By Order [Doc. # 64] entered December 3, 2020, the Court ordered the parties to complete class notice-related discovery by June 1, 2021, and to send the approved notices to potential class members by June 15, 2021.

The Sonic Dealerships, added as new parties in the Third Amended Complaint, filed their Motion to Dismiss, which has been fully briefed and is now ripe for decision.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most

favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012). The Sonic Dealerships argue that the Court lacks jurisdiction because Plaintiffs lack standing.

To establish standing, plaintiffs bringing FLSA claims must show the existence of an employment relationship with defendants. *See, e.g., Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012). The FLSA defines "employer" to mean "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Supreme Court has instructed that the FLSA's definition of "employer" is to be interpreted expansively in keeping with the Act's "remedial and humanitarian" purpose. *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944).

The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship under the FLSA. *See, e.g., Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). This involves a fact-intensive inquiry based "upon the circumstances of the whole activity," not "isolated factors." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947); *accord Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969). The test instructs the Court to consider whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled

employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams*, 595 F.3d at 620.

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is viewed with disfavor and is rarely granted." *See Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)); *Shaikh v. Texas A&M Univ. Coll. of Med.*, 739 F. App'x 215, 218 (5th Cir. June 20, 2018). The Court accepts the factual allegations in the complaint as true, and construes the facts in the light most favorable to the plaintiff. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017) (citing *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

### III. ANALYSIS

The Sonic Dealerships argue first that the Court's June 12, 2020 Memorandum and Order [Doc. # 47], directing Plaintiffs to file a Third Amended Complaint, granted

leave to add Sonic Automotive, not any other Sonic entity. The Court has not entered a Docket Control Order for this case and, as a result, there is no existing deadline for Plaintiffs to amend their pleadings and join new parties. Since the Court in the June 12, 2020 Memorandum and Order did not preclude joinder of Sonic-related entities other than Sonic Automotive, the joinder of the Sonic Dealerships was permissible.

The Sonic Dealerships' primary argument is that Plaintiffs lack standing to pursue their FLSA claims because none worked at a Sonic Dealership. The Sonic Dealerships argue specifically that none of the current Plaintiffs, either originally named or opt-in, allege that they were assigned to work at any of their facilities. The Court conditionally certified a collective action of individuals employed by Rascoa who were assigned to perform work at any dealership pursuant to the Supply/Service Agreement between Sonic Automotive and Rascoa, which would include the Sonic Dealerships. *See* Memorandum and Order [Doc. # 59]. The parties are currently conducting discovery to identify potential class members, and the parties are not required to send notice to those individuals until June 2021. Therefore, it is too early in the notice and opt-in process to determine whether any opt-in plaintiffs will have performed work at the Sonic Dealerships.

Other Sonic-related Defendants (Sonic of Texas, Inc., Sonic – LS Chevrolet, LP, Sonic Houston JLR LP, and Sonic Momentum VWA, LP) and Gulfgate Dodge Inc. d/b/a Gulfgate Dodge Chrysler Jeep Inc. made a similar challenge to Plaintiffs' standing, both by filing Motions to Dismiss the First Amended Complaint, and by asserting a futility argument in opposition to Plaintiffs' request to file the Second Amended Complaint. In the Court's June 12, 2020 Memorandum and Order, the Court rejected those challenges. The Court found that the allegations in the proposed Second Amended Complaint were an adequate basis for Plaintiffs' standing. *See* June 12 Memorandum and Order [Doc. # 47], pp. 8, 12. The Court directed Plaintiffs to file the Third Amended Complaint, which includes the same allegations as the Second Amended Complaint.[2] *See id.* at 13.

Plaintiffs' Third Amended Complaint alleges facts that state a plausible claim of an employment relationship by a potential opt-in plaintiff with each of the Sonic Dealerships. Plaintiffs allege that they reported to work at individual Sonic dealerships and were given uniforms and badges including Sonic logos particular to each dealership. *See* TAC, ¶¶ 33, 51. Plaintiffs also allege that employees at the

---

[2] The Court ordered Plaintiffs to file the Third Amended Complaint because the proposed Second Amended Complaint included state law claims which the Court determined would have been futile. *See* June 12, 2020 Memorandum and Order, p. 12.

Sonic dealership to which they were assigned directed the work and daily routines of Plaintiffs, had the ability to hire and fire Plaintiffs, and reviewed and approved their hours worked each pay period. *See id.*, ¶¶ 33-34. These allegations are sufficient to establish a plausible basis for a finding that, for FLSA purposes, a Sonic Dealership to which an opt-in plaintiff was assigned to work was that plaintiff's "employer."

## IV. CONCLUSION AND ORDER

The Third Amended Complaint contains factual allegations sufficient to establish plausibly that a Sonic Dealership was the "employer," for purposes of the FLSA, of potential opt-in plaintiffs who were assigned by Rascoa to perform work at that Sonic Dealership. As a result, at this stage of the proceedings, Plaintiffs have stated a claim for relief under the FLSA and have alleged an adequate factual basis for standing to pursue their claims against the Sonic Dealerships. If, when the opt-in period has closed, there are no opt-in plaintiffs who allege they were assigned to work at a Sonic Dealership, the issue can be presented in a Rule 12(b)(1) or Rule 56 motion based on standing. It is, therefore, hereby

**ORDERED** that the Sonic Dealerships' Motion to Dismiss [Doc. # 66] is **DENIED**.

SIGNED at Houston, Texas, this 25th day of **February, 2021.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

P:\ORDERS\11-2019\2740MD.wpd    210225.1031